UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY JULIAN,

     Plaintiff,

                                  Case No. 1:23-cv-744

v.

                                  Hon. Hala Y. Jarbou

JON NEHF and MATTHEW SHERWOOD,

     Defendants.

_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

On July 11, 2025, the magistrate judge issued a report and recommendation (R&R) that Defendants' summary judgment motion be granted and this Eighth Amendment action dismissed because Plaintiff failed to exhaust his administrative remedies.  (ECF No. 31.)  Plaintiff's sole objections are that exhaustion cannot be raised in a motion to dismiss and that genuine disputes of fact preclude entering summary judgment in Defendants' favor.  The first objection is a non sequitur, because Defendants raised exhaustion in a motion for summary judgment rather than a motion to dismiss.  (*See* ECF No. 16.)  The second objection is not backed up by a single reference to a live factual dispute pertaining to Defendants' exhaustion defense that the R&R neglected to recognize or that it impermissibly resolved.  Plaintiff's failure to point to a concrete error in the R&R "is tantamount to a complete failure to object."  *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also* W.D. Mich. LCivR 72.3(b) (objections must "specifically identify" portions of R&R that are purportedly erroneous).  And the Court is under no obligation "to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made."  *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

Nevertheless, the Court's independent review, *see* 28 U.S.C. § 636(b)(1)(C), leads it to conclude that Defendants' summary judgment motion should be denied.  The Michigan Department of Corrections equates the date on which a grievance is filed with the date on which a grievance coordinator receives it.  Defendants submitted grievance records and an affidavit by a grievance coordinator at the prison in which Plaintiff is incarcerated showing that Plaintiff's grievance was received on June 6, 2023—five days after Plaintiff's June 1 deadline for grieving Defendants' alleged indifference to his suicidality, and on the same day that Plaintiff was placed on modified access status for filing three rejected grievances in a thirty-day period.  The affiant also declared that he did not provide Plaintiff with the form on which his grievance was filed.  Defendants submitted sufficient evidence to permit the conclusion that Plaintiff's grievance was both untimely and procedurally barred.

But Plaintiff made a colorable argument that the rejection of his grievance because of his failure to comply with modified-access requirements rendered the grievance process unavailable to him.  When a prisoner asserts that an adequate administrative remedy was not available to them and then establishes that they made "affirmative efforts" to exhaust, *Lamb v. Kendrick*, 52 F.4th 286, 293 (6th Cir. 2022) (quoting *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015)), prison staff have the burden of producing evidence that the prisoner was "not hindered" from pursuing those remedies, *id.* at 295 (quoting *Surles v. Andison*, 678 F.3d 452, 457 n.10 (6th Cir. 2012)).  This Court has long recognized that a prisoner on modified access who is denied a grievance form has satisfied the exhaustion requirement and can file a complaint in federal court immediately.  *See Cook v. Mich. Dep't of Corr.*, No. 1:21-cv-817, 2023 WL 1785476, at *4 (W.D. Mich. Jan. 9, 2023), *adopted*, No. 1:21-cv-817, 2023 WL 1778625 (W.D. Mich. Feb. 6, 2023); *Muller v. Scott*, No. 1:10-cv-717, 2010 WL 3475174, at *4 (W.D. Mich. Sep. 2, 2010) (citing *Kennedy v. Tallio*,

No. 01-1386, 2001 WL 1176400, at *1 (6th Cir. Sep. 26, 2001)).  But when a grievance *submitted* before a prisoner is placed on modified-access status is denied because it was *received* after the access restrictions were imposed, there is no obvious remedy of which the prisoner can avail themselves if the seven-business-day window for filing the grievance form is already closed.

The grievance form that Plaintiff submitted was dated May 29, or three days before the filing deadline.  Although Plaintiff has not submitted additional evidence of his having submitted the grievance form to prison staff on that date, the Court finds the face of the form sufficient to show that Plaintiff took affirmative steps to comply with the rules governing the grievance process. *But cf. Fox v. Jenkins*, No. 4:21-CV-12950, 2022 WL 18107234 (E.D. Mich. Nov. 14, 2022) (affidavit stating that grievance was sent by interdepartmental mail generated factual dispute over filing date), *adopted*, 2023 WL 22908 (E.D. Mich. Jan. 3, 2023).  The onus is on Defendants to prove that those steps were inadequate under the circumstances.

This Defendants have not done.  Defendants point to no evidence that establishes that Plaintiff actually submitted the grievance form on June 6, the day on which Plaintiff's access restrictions came into effect.  If Plaintiff mailed the grievance form or turned it over to a prison official before then, he was under no obligation to comply with the restrictions.  As applied to the instant case—one in which there is a substantial gap between the date on which a grievance form appears to have been signed and the date on which the form is marked as received—MDOC's grievance procedure runs the risk of leading unsuspecting prisoners down the sort of "blind alleys" that the Supreme Court has held render an "administrative scheme . . . so opaque that it becomes, practically speaking, incapable of use." *Ross v. Blake*, 578 U.S. 632, 643 (2016).  The same concern has been raised by the Eastern District of Michigan in a case involving delays in the prison mail system resulting in grievances being rejected as untimely, *see Bailey v. Washington*, No. 2:19-

3

cv-13442, 2025 WL 1527479, at *12 (E.D. Mich. May 29, 2025) (citing *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008)), and by the very magistrate judge who authored the R&R before the Court, *see Garcia v. Olson*, No. 1:23-cv-1085, 2025 WL 2164752, at *4–5 (W.D. Mich. June 11, 2025), *adopted*, 2025 WL 2160432 (W.D. Mich. July 30, 2025).  With the evidence susceptible of two equally plausible interpretations, the Court finds that Defendants have not sustained their burden of proving that Plaintiff's efforts to exhaust his administrative remedies were not hindered.

　　　　**IT IS ORDERED** that the R&R (ECF No. 31) is **REJECTED**.

　　　　**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment on the basis of Plaintiff's failure to exhaust (ECF No. 15) is **DENIED**.

Dated: September 18, 2025                    /s/ Hala Y. Jarbou
　　　　　　　　　　　　　　　　　　　HALA Y. JARBOU
　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE